**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

|                                                                 |     |                                  |
|-----------------------------------------------------------------|-----|----------------------------------|
| PHILLIP GONZALES,                                               | §   |                                  |
|                                                                 | §   |                                  |
|     Plaintiff,                              | §   |                                  |
|                                                                 | §   |                                  |
| v.                                                              | §   | Civil Action                     |
|                                                                 | §   | No. C-06-520                     |
| MERCK & CO., INC., JEFFREY                                      | §   |                                  |
| DALE JOHNSON, M.D., BRIAN                                       | §   |                                  |
| MATTHEW POWELL, M.D.,                                           | §   |                                  |
|                                                                 | §   |                                  |
|     Defendants.                            | §   |                                  |
|                                                                 | §   |                                  |

**ORDER OF REMAND**

On this day came on to be considered the Court's <u>sua sponte</u> review of its subject matter jurisdiction in the above-styled action.  For the reasons stated herein, the Court finds that subject-matter jurisdiction is lacking, and the Court hereby REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 117th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 06-4710-B.

**I.    Factual and Procedural Background**

Plaintiff Phillip Gonzales ("Plaintiff") filed his Original Petition in state court on August 25, 2006.  (D.E. 1, Notice of Removal, ¶ 1; Exh. B to Notice of Removal, Plaintiff's Original Petition ("Petition")).  Plaintiff alleges that Defendant Merck & Co., Inc. ("Merck") manufactured, distributed, and sold Vioxx (Rofecoxib), a prescription drug designed to treat pain.  (<u>See</u>, <u>e.g.</u>, Petition, ¶ 17).  Plaintiff alleges that he was prescribed

and took Vioxx, and as a result of his ingestion of Vioxx, "suddenly and without warning suffered a stroke" that caused him injury. (Petition, ¶ 11). Plaintiff alleges several causes of action against Merck, including negligence, strict products liability, breach of warranties, and negligent misrepresentation. (Petition, ¶¶ 17-38).

Plaintiff alleges that Doctors Jeffrey Dale Johnson and Brian Matthew Powell (collectively, the "Doctor Defendants") prescribed Vioxx to him even though both doctors knew or should have known of the increased risk of strokes and other cardiovascular events. (Petition, ¶¶ 12, 15). Plaintiff claims that the Doctor Defendants negligent prescription of Vioxx to him was the proximate cause of his stroke and resulting damages. (Petition, ¶¶ 13, 16).

Merck was served with Plaintiff's Original Petition on October 24, 2006. (Notice of Removal, ¶ 2). On November 22, 2006, Merck removed the action to this Court, alleging diversity jurisdiction. (Notice of Removal, ¶ 3). See 28 U.S.C. § 1332. Merck claims that the amount in controversy exceeds the jurisdictional requirement of $75,000, and the parties are diverse because Plaintiff is a citizen of Texas and all properly-joined Defendants are citizens of different states. (Notice of Removal, ¶¶ 3, 9-13). Merck does not dispute Plaintiff's allegation that the Doctor Defendants are also Texas citizens, but Merck argues that the Doctor Defendants were improperly joined to defeat diversity. (Notice of Removal, ¶¶ 13-22; Petition, ¶ 7). For the reasons stated below, the Court finds

that the Doctor Defendants were properly joined, and that the Court lacks subject matter jurisdiction over this action.

## II.  Discussion

### A.  Improper Joinder

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).   The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).   As there is no allegation of actual fraud in Plaintiff's Original Petition, Merck establishes improper joinder by demonstrating that there is no possibility of recovery by Plaintiff against the nondiverse Doctor Defendants.  See Crockett, 436 F.3d at 532.  The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  Guillory v. PPG Indus., Inc., 434 F.3d

303, 308 (5th Cir. 2005) (citing <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981)); <u>see also</u> <u>Boone</u>, 416 F.3d at 388; <u>Smallwood</u>, 385 F.3d at 573.  The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his state law] claim, but look[s] only for a possibility that the plaintiff might do so." <u>Guillory</u>, 434 F.3d at 308. Ordinarily, if the plaintiff can survive the Rule 12(b)(6) type challenge, there is no improper joinder. <u>See</u> <u>Smallwood</u>, 385 F.3d at 573.  If Merck fails to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. <u>See</u> 28 U.S.C. §§ 1332, 1447(c).

Plaintiff claims in his Original Petition that the Doctor Defendants "violated [their] duty of care to [Plaintiff] to exercise ordinary care and diligence" by prescribing Plaintiff Vioxx despite the fact that the Doctor Defendants "knew or should have known" of the increased risk of strokes and other cardiovascular events. (Petition, ¶¶ 12, 15).  As noted above, as long as Plaintiff could conceivably recover damages from the nondiverse Doctor Defendants, the action must be remanded.

**B.** **<u>Plaintiff's Original Petition Pleads a Medical Malpractice Claim Against the Doctor Defendants</u>**

Under Texas law, the elements of a medical malpractice claim are as follows:

(1)  a duty owed by the defendant physician to the plaintiff;

           (2)   a breach that duty;
           (3)   injury or harm to the plaintiff; and
           (4)   a causal connection between the breach and the injury or
                 harm.

See Hollis v. United States, 323 F.3d 330, 336 (5th Cir. 2003)

(citing Urbach v. United States, 869 F.2d 829, 831 (5th Cir.

1989)).

       In his Petition, Plaintiff specifically alleges the following

regarding the Doctor Defendants:

       [The Doctor Defendants] violated [their] duty of care to
       PHILLIP GONZALES to exercise ordinary care and diligence
       exercised by . . . physicians and health care professionals
       in the same or similar circumstances in one or more of the
       following particulars:

              [The Doctor Defendants] . . . prescribed Vioxx to
              PHILLIP GONZALES when they knew or should have known
              that a serious adverse reaction in patients taking
              Vioxx was strokes and other similar cardiovascular
              events

              Specifically, [the Doctor Defendants] . . . should
              have been aware of the increased risk of
              cardiovascular events associated with the use of Vioxx
              and should have avoided treating Mr. Gonzales with
              Vioxx.

(Petition, ¶¶ 12, 15).

       Under Texas law, this type of affirmative act – prescribing

medication – gives rise to a physician-patient relationship, which

also gives rise to a duty on the part of the physician to "treat

[the patient] with the skills of a trained, competent professional,

and a breach of that duty may give rise to a malpractice action."

Gross v. Burt, 149 S.W.3d 213, 221-22 (Tex. App.--Fort Worth 2004)

(citing Reynosa v. Huff, 21 S.W.3d 510, 513 (Tex. App.--San Antonio

2000)).  Furthermore, the physician "assumes the duty to warn the
patient of dangers associated with a particular prescribed drug."
Morgan v. Wal-Mart Stores, Inc., 30 S.W.3d 455, 462 (Tex. App.--
Austin 2000).  Accordingly, Plaintiff sufficiently pleads the first
element of a medical malpractice claim in his Original Petition.
(Petition, ¶¶ 12, 15).  Moreover, Plaintiff alleges that the Doctor
Defendants "violated [their] duty of care" to Plaintiff by
prescribing him Vioxx despite their knowledge of the cardiovascular
risks of the medication.  (Petition, ¶ 12, 15).[1]  Therefore,
Plaintiff also adequately pleads the second element of a medical
malpractice claim.  Likewise, Plaintiff sufficiently pleads the
third and fourth elements of a medical malpractice claim, because
he alleges that he suffered a stroke and that the Doctor
Defendants' "negligence was the proximate cause of the stroke
suffered by PHILLIP GONZALES and his damages herein."  (Petition,
¶¶ 13, 16); see also Hollis, 323 F.3d at 336.

Accordingly, in his Original Petition, Plaintiff adequately
pleads a cause of action against the Doctor Defendants for medical
malpractice under Texas law.[2]

---

[1] See also, e.g., Dunnings v. Castro, 881 S.W.2d 559, 561 (Tex.
App.--Houston 1994) (stating that "[n]egligence is defined as
conduct that falls below the standard established by law for the
protection of others against unreasonable risk of harm"); Karnes
City v. Kendall, 172 S.W.3d 624, 629 (Tex. App.--San Antonio 2005)
(same).

[2] Of note, Merck argues that Plaintiff cannot recover against
the Doctor Defendants because he claims that the Merck concealed
Vioxx's dangers, and accordingly, the Doctor Defendants could not

C. __Cases Involving Physicians__

In support of removal, Merck cites cases where courts denied remand upon finding that nondiverse physicians were improperly joined. (Notice of Removal, ¶ 15). These cases are all distinguishable from the instant case. For example, in <u>Pikul v. Merck & Co., Inc.</u>, Civil Action No. H-03-3656 (S.D. Tex. Aug. 18, 2004), the plaintiff referred to the prescribing doctors "only in the petition's introduction of the parties", and the plaintiff claimed "that he adequately pleaded his claims [solely] by stating [the decedent's] dosage information." <u>Id.</u> at p. 3.[3]  In <u>Estate of Flores v. Merck & Co., Inc.</u>, Civil Action No. C-03-362 (S.D. Tex. Mar. 15, 2004), the <u>only</u> allegation that directly referred to the prescribing doctor was that "Plaintiff Decedent was prescribed

_____

have known of the problems associated with Vioxx. (Notice of Removal, ¶ 16, 19).  However, Rule 48 of the Texas Rules of Civil Procedure allows parties to plead alternate theories of recovery, even if the allegations are inconsistent with one another. <u>See</u> Tex. R. Civ. P. 48 ("A party may also state as many separate claims or defenses as he has regardless of consistency"); <u>see also</u> <u>Texas Gen. Indemnity Co. v. Sheffield</u>, 439 S.W.2d 431, 434-35 (Tex. Civ. App. 1969) ("there were two alternative and inconsistent allegations in the plaintiff's former petition ... [s]uch pleading is permitted by Rule 48, Texas Rules of Civil Procedure.  An alternative statement in a pleading in conflict with other allegations in the same pleading does not constitute an admission.").

[3]Moreover, the court in <u>Pikul</u> dismissed the plaintiff's case against one of the prescribing doctors because the plaintiff did not provide an expert report within 180 days of filing suit in state court.  <u>See</u> <u>id.</u> at p. 1.  This is not applicable to the instant litigation, where the plaintiff filed suit less than sixty days before Merck removed the case to this Court.  (Notice of Removal, ¶ 1).

Vioxx by defendant Dr. Fuentes" (no specific allegation that the doctor negligently prescribed Vioxx to the patient). Id. at p. 2. Likewise, in Benavides v. Merck & Co., Inc., Civil Action No. L-03-134 (S.D. Tex. Feb. 24, 2004), the court noted that: (1) the only time the plaintiffs referred to the physicians by name was when alleging jurisdictional facts; and (2) the plaintiffs did not allege that the physicians "treated Ms. Gutierrez, prescribed Vioxx to Ms. Gutierrez, ... gave her samples of the drug ... [or] had any interaction with [Ms. Gutierrez.]" Id. at pp. 2, 6. Additionally, this Court has reviewed other cases dealing with the same issue. E.g., Eller v. Merck & Co., Inc., Civil Action No. C-04-096 (S.D. Tex. Jan. 7, 2005) (The court remanded the action upon finding that the nondiverse physician was properly joined.); Garza v. Heart Clinic, P.A., Civil Action No. M-03-087 (S.D. Tex. July 31, 2003) (same); Denny v. Merck & Co., Inc., Civil Action No. 03-510 (E.D. Tex. Apr. 19, 2004) (same).

This Court finds that the instant action is distinguishable from cases where courts found improper joinder. As noted above, this Court concludes that Plaintiff adequately pleads a cause of action for medical malpractice against the nondiverse Doctor Defendants. Accordingly, the Court concludes that the prescribing physicians in this case were not improperly joined.

## III. **Conclusion**

For the reasons stated above, Defendant Merck has not met its

heavy burden of showing improper joinder.  Therefore, the Court does not have subject-matter jurisdiction over this action.  The above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 117th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 06-4710-B.

SIGNED and ENTERED this 1st day of December, 2006.

_____
Janis Graham Jack

United States District Judge